IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No. _____

| | |
|---|---|
| CHRISTOPHER MOORE<br><br>Plaintiff<br><br>v.<br><br>KEURIG DR. PEPPER, INC.; and<br>UNUM LIFE INSURANCE<br>COMPANY OF AMERICA<br><br>Defendants | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Unum Life Insurance Company of America ("Unum Life"), by and through its undersigned counsel and with the consent of Defendant Keurig Dr Pepper Inc. ("KDRP"), hereby removes this action from the General Court of Justice, Superior Court Division, Lincoln County where the case is currently pending, to the United States District Court for the Western District of North Carolina, Statesville Division. As grounds for removal, Unum Life states as follows:

**STATE COURT ACTION**

1. This action was commenced on April 25, 2024, in the General Court of Justice, Superior Court Division, Lincoln County, titled *Christopher Moore v. Keurig Dr. Pepper, Inc.; and Unum Life Insurance Company of America*, Case No. 24-CVS-00482 (hereinafter referred to as the "State Court Action").

2. Plaintiff's State Court Action seeks short-term disability ("STD") benefits under

the self-funded Keurig Dr Pepper Inc. Short Term Disability Benefit Plan ("the STD Plan"), which is a component program under, and incorporated into, the Keurig Dr Pepper Inc. Flexible Benefit Plan ("the Wrap Plan"), an employee welfare benefit plan sponsored and maintained by KDRP, and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* A copy of the most recent Form 5500 filed by KDRP for all of the components of the Wrap Plan, including the STD Plan, is attached as **Exhibit A**.

3. Plaintiff's Complaint incorrectly alleges that the STD Plan is a payroll practice under 29 C.F.R. § 2510.3-1(b)(2), which is not subject to ERISA. (Complaint, ¶¶ 9-10). However, the Summary Plan Description for the STD Plan ("the SPD") makes clear the STD Plan does not provide employees with "normal compensation." A copy of the SPD is attached as **Exhibit B**.

4. Rather, the STD Plan "provides short term disability income protection benefits to replace a portion of [a claimant's] income in the event a sickness or injury prevents [them] from working for a period of time." (**Exhibit B**, p. UA-SPD-STDASO-000003). Depending on which eligible group a claimant belongs to, following a 7-day elimination period, the STD Plan pays either 100% or 80% of weekly earnings, subject to offsets for deductible sources of income, for the first 8 weeks. (*Id.* at UA-SPD-STDASO-000005). For either group, after 8 weeks, the STD Plan provides 66.67% of weekly earnings, subject to offsets for deductible sources of income, for an additional 18 weeks. (*Id.*) Employees are permitted to use paid time off or sick time during their elimination period for a paid leave. (Important Information About Keurig Dr. Pepper Family and Medical Leave Policy, **Exhibit C**, p. UA-CL-STD-000118; Letter dated June 1, 2022, **Exhibit D**, p. UA-CL-STD-000165).

5. Further, the STD Plan does not provide benefits through payroll. Rather, Unum Life is the Service Provider for certain administrative claims handling services for the Plan,

(**Exhibit B**, p. UA-SPD-STDASO-000003), and Unum Life administers checks for STD Plan benefits on behalf of KDRP, including the checks issued to Plaintiff during the period for which his disability was certified, which was April 6, 2022 through July 31, 2022. (Complaint, ¶ 19; Letter dated April 6, 2022, **Exhibit C**, p. UA-CL-STD-000115; Letter dated June 1, 2022, **Exhibit D**, p. UA-CL-STD-000163). Specifically, Unum Life provides KDRP with a paylist of claimants who are determined to be eligible for STD benefits, with the dates through which disability is certified, and a net benefit amount due to claimants after withholding taxes and deducting any applicable offsets under the Plan. Unum Life issues benefit checks to claimants, and KDRP provides funds to Unum Life for the benefits issued.

6. In addition to his claim for STD Plan benefits, Plaintiff asserts a claim against Unum Life for Unfair and Deceptive Trade Practices based on purported violations of N.C. Gen. Stat. § 75-1.1, *et seq*. with claimed damages "in an amount greater than $25,000 but less than $75,000" (Complaint, ¶ 51), and additionally claims entitlement to "treble damages pursuant to N.C. Gen. Stat. § 75-16" (*id.* at ¶ 52), and reasonable attorney's fees under N.C. Gen. Stat. § 75-16.1. (*Id.* at ¶ 54).

## PROCEDURAL REQUIREMENTS

7. Unum Life has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes the State Court Action to the United States District Court for the Western District of North Carolina, Statesville Division pursuant to 28 U.S.C. §§ 1332 and 1441.

8. <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the Western District of North Carolina, Statesville Division, which is a part of the "district and division" embracing the place where this action was filed – Lincoln County, North Carolina.

9. <u>Removal Is Timely</u>. Plaintiff served a copy of the Summons and Complaint to Unum Life through the North Carolina Department of Insurance on May 15, 2024. Unum Life has therefore timely removed the State Court Action within the 30-day time period provided in 28 U.S.C. § 1446(b)(1).

10. <u>Consent</u>. KDRP has consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A). A copy of KDRP's written consent is attached as **Exhibit E**. *See Mayo v. Bd of Educ. Of Prince Georg's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013) (holding that notice of removal signed and filed by attorney for one defendant representing unanimous consent to the removal satisfies the requirement of unanimous consent).

11. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

12. <u>Pleadings and Process</u>. True and correct copies of all documents filed in the State Court Action are attached hereto as **Exhibit F**.

13. <u>Notice</u>. A copy of this Notice of Removal will be filed with the clerk of the General Court of Justice, Superior Court Division, Lincoln County, North Carolina as required by 28 U.S.C. § 1446(d).

## STATUTORY REQUIREMENTS – 28 U.S.C. § 1331

14. <u>This Court has Jurisdiction</u>. This Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because Plaintiff's claims arise under and are governed by ERISA. An action brought to recover benefits under an ERISA-governed employee welfare benefit plan presents a federal question and the district courts of the United States have original jurisdiction

pursuant to 29 U.S.C. § 1132(e)(1)( and (f).

15. Although the Complaint does not explicitly assert claims under ERISA, it is clear from the allegations in the Complaint that Plaintiff seeks STD Plan benefits which he alleges are due to him under the terms and provisions of the STD Plan. The manner of administration of the STD Plan claim determinations and benefits establishes an ongoing administrative scheme which subjects the STD Plan to ERISA governance. The determinations and letters referenced in the Complaint, which are integral to Plaintiff's claims, evidence this ongoing administrative scheme. (Letter dated April 6, 2022, **Exhibit C**; Letter dated June 1, 2022, **Exhibit D**; Letter dated August 9, 2022, **Exhibit G**; Letter dated February 1, 2024, **Exhibit H**).

16. ERISA completely preempts all state law claims and provides the exclusive federal remedy for resolution of Plaintiff's claims arising under or relating to the Plan. 29 U.S.C. § 1132(a)(1)(B) and 1144; *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

17. Because "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [of ERISA] removable to federal court," such claims are removable even when the nature of the claims is not obvious from the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).

18. Consequently, this matter is removable under 28 U.S.C. §1441(a) and (b).

19. Alternatively, this Court has subject matter jurisdiction under 29 U.S.C. § 1332(a) because: (a) Plaintiff is a citizen and resident of North Carolina (Complaint, ¶ 2); KDRP is a Delaware corporation with its principal place of business in Frisco, Texas (*id.* at ¶ 3); (c) Unum Life is a Maine Corporation with its principal place of business in Portland, Maine (*id.* at ¶ 4;);

and (d) the amount in controversy exceeds $75,000, exclusive of interest and costs. (*Id.* at ¶¶ 51-52) (claiming damages in an amount greater than $25,000, and in addition, treble damages under N.C. Gen. Stat. § 75-16); *see* N.C. Gen. Stat. § 75-16 (providing "if damages are assessed in such case judgment *shall be* rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict") (emphasis added).

20. Unum Life is filing concurrently herewith a copy of this Notice of Removal with the General Court of Justice, Superior Court Division, Lincoln County, North Carolina, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

21. Unum Life is filing concurrently herewith the civil cover sheet and has made payment of the required filing fee.

22. Accordingly, this Court has jurisdiction over this action and should proceed as an action properly removed to it.

23. Unum Life submits, and KDRP consents to, this Notice of Removal without waiving defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

## CONCLUSION

WHEREFORE, Defendant Unum Life Insurance Company of America respectfully requests the above-captioned action now pending in the General Court of Justice, Superior Court Division, Lincoln County, North Carolina, be removed to the United States District Court for the Western District of North Carolina, Statesville Division, and that the United States District Court for the Western District of North Carolina, Statesville Division assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted this 7th day of June, 2024.

*/s/ Gemma L. Saluta*
Gemma L. Saluta
N.C. State Bar No. 37032
WOMBLE BOND DICKINSON (US) LLP
One W. 4th Street
Winston-Salem, NC 27101
(336) 721-3600 (telephone)
(336) 721-3660 (facsimile)
Email: gemma.saluta@wbd-us.com

## CERTIFICATE OF SERVICE

This is to certify that on June 7, 2024, the undersigned attorney did file the foregoing document using this Court's CM/ECF system, and did serve the foregoing document to the following via electronic mail:

Rachel C. Matesic
Charles McB. Sasser
The Sasser Law Firm, PA
1011 E. Morehead Street, Suite 350
Charlotte, North Carolina 28204
Email: msasser@sasserlawoffice.com
Email: rmatesic@sasserlawoffice.com

                                                  */s/ Gemma L. Saluta*
                                                  Gemma L. Saluta
                                                  N.C. State Bar No. 37032
                                                  WOMBLE BOND DICKINSON (US) LLP
                                                  One W. 4th Street
                                                  Winston-Salem, NC 27101
                                                  (336) 721-3600 (telephone)
                                                  (336) 721-3660 (facsimile)
                                                  Email: gemma.saluta@wbd-us.com