# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:24-CV-00141-KDB-DCK

| | |
|---|---|
| **CHRISTOPHER MOORE,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA, AND KEURIG DR. PEPPER, INC.,** | |
| Defendants. | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand (Doc. No. 22), which Defendants oppose. The Court has carefully considered this motion, and the parties' briefs. For the reasons discussed below, the Court will **DENY** the motion.

## I. LEGAL STANDARD

Whether a court has subject matter jurisdiction is a "threshold matter" that a court must consider prior to reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, (1998); *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). District courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and Statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Article III of the United States Constitution states that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under . . . the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. Accordingly, 28 U.S.C. § 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

1

The two primary sources of subject matter jurisdiction are diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. § 1332. Federal question jurisdiction permits an individual - regardless of the value of the claim - to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. *See* 28 U.S.C. § 1331. Federal question jurisdiction requires that "the federal question appears on the face of a well-pleaded complaint." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992).

Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject matter jurisdiction be waived or forfeited by the parties. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *U.S. v. Wilson*, 699 F.3d 789, 793 (2012). Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal district court if the district court has original jurisdiction. However, when faced with a motion to remand, a party seeking removal to federal court bears the burden of establishing federal jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (quoting *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). Removal jurisdiction raises significant federalism concerns; therefore, in considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Goucher Coll. v. Cont'l Cas. Co.*, 541 F. Supp. 3d 642, 647 (D. Md. 2021) (quoting *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997)); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

## II. FACTS AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint (Doc. No. 1-6) as true, this matter arises from Defendants' denial of Plaintiff's claim for short-term disability ("STD") benefits to which

Plaintiff believes he is entitled. Plaintiff states he worked full-time for Defendant Keurig Dr. Pepper, Inc. ("KDP") as a regional sales manager, under which the STD plan was offered. *Id.* at ¶ 5. Defendant Unum Life Insurance Company of America ("Unum") is an insurance company which is contracted to perform administrative services for the STD plan, including benefit eligibility determinations. *Id.* at ¶ 4, 12-13.

On or about April 6, 2022, Plaintiff became disabled and unable to perform his usual work duties. *Id.* at ¶ 16-17. He applied for STD benefits, and was approved from April 13, 2022, through July 31, 2022. *Id.* at ¶ 18-19. On August 9, 2022, Plaintiff was notified that he was no longer considered disabled, and his claim for continued STD benefits was denied. *Id.* at ¶ 20. Plaintiff contends that he was and remained disabled "under the terms of the STD Plan through the maximum period for which benefits [were] payable." *Id.* at ¶ 21. Plaintiff appealed the denial, which was upheld by Unum. Doc. No. 1-8 at 3-4.

Plaintiff then filed suit in the General Court of Justice, Superior Court Division, Lincoln County, North Carolina, against KDP and Unum, alleging breach of contract and violation of the North Carolina Wage and Hour Act under N.C.G.S. § 95-25.2(16) against KDP, and violation of North Carolina's Unfair and Deceptive Trade Practices Act under N.C.G.S. § 75-1.1 *et seq*. against Unum. *See* Doc. 1-6 at ¶ 24-55.

Defendant Unum, with the consent of KDP, timely removed the action pursuant to 28 U.S.C. § 1332, asserting diversity jurisdiction because the parties are diverse and the amount in controversy is greater than $75,000. Unum also alleges this Court has federal question jurisdiction under 28 U.S.C. § 1331 because the STD plan "is governed by [Employee Retirement Income Security Act of 1974] ERISA." Doc. No. 1 at 4-6.

### III. DISCUSSION

Defendants need only demonstrate either diversity jurisdiction under § 1332 or federal question jurisdiction under § 1331 for the matter to remain in federal court. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. In most cases, the sum claimed by the plaintiff controls the "amount in controversy" determination. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). It is a long-standing principle that courts determine the "sum claimed" at the time the complaint was filed. *Id.* at 291 ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . ."); *see also Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."). If the complaint in good faith alleges a sufficient amount in controversy, "[e]vents occurring subsequent" to the filing of the complaint "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury*, 303 U.S. at 289–90.

In his Complaint, Plaintiff asserts three claims: (1) breach of contract; (2) violation of the North Carolina Wage and Hour Act under N.C.G.S. § 95-25.2(16) against KDP; and (3) violation of the Unfair and Deceptive Trade Practices Act under N.C.G.S. § 75-1.1 *et seq.* against Unum. *See* Doc. 1-6 at ¶ 24-55. In each claim, Plaintiff alleges damages "greater than $25,000 but less than $75,000." *Id.* at ¶ 33, 40, 51. In addition, Plaintiff seeks liquidated damages and attorneys' fees under claims two and three, and in claim three, alleges he is entitled to treble damages. *Id.* at ¶ 41, 52, 54. Given that Plaintiff in claim three is seeking at least $25,001, and that treble damages would bring an award to at least $75,003, the Plaintiff has alleged greater than $75,000 in

4

controversy on the face of his complaint even before attorneys' fees, other costs, and the remaining claims are considered. Plaintiff suggests in his Motion to Remand that the value of his combined claims is less than $75,000, but that is immaterial.[1] *See* Doc. No. 22-1 at 9.

Finally, it is undisputed that Plaintiff is a citizen and resident of North Carolina; that Unum is a Maine Corporation with its principal place of business in Portland, Maine; and that KDRP is a Delaware Corporation with its principal place of business in Frisco, Texas. Doc. No. 1 at ¶ 19. Thus, the parties are citizens of different states.

Because the Defendants have demonstrated both that the amount in controversy is greater than $75,000 and that the parties are diverse, the Court has diversity jurisdiction under 28 U.S.C. § 1332. The Court need not and does not reach the question of whether the STD plan is an ERISA plan, and by extension, whether there exists federal question jurisdiction under 28 U.S.C. § 1331.

## IV.     ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Remand (Doc. No. 22) is **DENIED;**
2. This case shall **proceed towards trial on the merits** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 30, 2024

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge

---

[1] The Court assumes that Plaintiff's Complaint and the claims therein, including the amount of damages, were made in good faith at the time of the filing of the Complaint, which controls the decision here.